UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In re:

**QUINTIN LARIOS**
**MARIA LARIOS**

Case Number 15-15051-RAM
Chapter 7

Debtors.
_____/

**WILLIAM GARAY,**                       Adversary Case Number 16-01014-RAM

Plaintiff.

vs.

**QUINTIN LARIOS AND**
**MARIA LARIOS,**

Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants, **QUINTIN LARIOS** and **MARIA LARIOS,** by and through undersigned counsel, hereby respond to Plaintiff's Motion for Leave to File Amended Complaint and state:

1. On March 20, 2015, the Defendants filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. On April 17, 2015, the Defendants appeared at their §341 Meeting of Creditors and the meeting was concluded on the same date.

3. On September 10, 2015, the Defendants appeared for a Rule 2004 Examination conducted by the Chapter 7 Trustee; Plaintiff cross-noticed and had the opportunity to question the Defendants at the Rule 2004 Examination.

4. The Chapter 7 Trustee investigated the Defendants financial affairs and the Defendants' main bankruptcy case was settled.

5. Plaintiff's deadline to object to the Defendants' discharge was January 8, 2016.

6. On January 8, 2016, the Plaintiff filed an adversary complaint objecting to the Defendants' discharge.

7. Plaintiff deposed the Defendants again in the adversary proceeding and propounded discovery requests to which the Defendants responded.

8. The pre-trial conferences in the case were rolled several times and after exhausting settlement options via mediation, the trial in this case was set for June 20, 2018.

9. About a week prior to trial, Plaintiff filed An Emergency Motion to Compel Response to Subpoena and to Continue the June 20, 2018 Trial [D.E. 81].

10. At the June 20, 2018 hearing, the Plaintiff represented to the court that new evidence had been obtained via the subpoena and requested *ore tenus* to amend their complaint. The Court directed Plaintiff to file a Motion for Leave to File Amended Complaint by Monday, June 25, 2018.

11. On June 25, 2018, Plaintiff filed their Motion for Leave to File Amended Complaint [D.E. 84] and the Motion is set for hearing on July 3, 2018 at 10:30 a.m.

### ARGUMENT IN SUPPORT AND APPLICABLE LAW

12. Rule 15(a) of the Federal Rules of Civil Procedure directs that leave for amendments should be given freely, when justice so requires.

13. However, leave for amendments are not automatic and the courts have discretion to deny amendments if there is a substantial reason to do so.

Page **3**.

14. "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Southmark Corp v. Shulte Roth & Zabel*, 88 F.3d 311, 314-315 (5th Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) and *Wimm,* 3 F.3d at 139).

15. Defendants object to allowing the Plaintiff to amend their Complaint on the grounds that:

    (a) the Defendant is seeking to add wholly new acts and counts to the complaint which do not relate back to the original complaint and are therefore time barred; and

    (b) undue delay by the Plaintiff and unfair prejudice to the Defendants.

**A. Plaintiff's First Amended Complaint is Time Barred**

16. The First Amended Complaint, which is attached to the Plaintiff's Motion for Leave to File Amended Complaint, adds paragraphs 34 through 55 which adds allegations of wholly new acts and events that were not alleged in the Plaintiff's original Complaint. Additionally, Plaintiff's First Amended Complaint adds two new counts – Count I under §727(a)(2)(A) and Count V under §727(a)(4)(D).

17. Rule 15(c) of the Federal Rules of Civil Procedure states in pertinent part: "An amendment to a pleading relates back to the date of the original pleading when… the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -or attempted to be set out- in the original pleading."

18. In this case, relation back in time only exists if the First Amended Complaint involves a claim that arose out of the same conduct or transaction addressed in the original Complaint.

Page 4.

19. Plaintiff's First Amended Complaint is attempting to raise entirely new grounds – not mentioned in the Plaintiff's original Complaint - to object to the Defendants' discharge.

20. Since the Plaintiff is asserting entirely new allegations and counts, the proposed amendment would not relate back to the original Complaint.

21. New grounds for objecting to the Defendants' discharge would be untimely as they are well beyond the Rule 4004(a) deadline of January 8, 2016. *See Kontrick v. Ryan,* 540 U.S. 443 (2004).

22. Since the Plaintiff's new counts and allegations are unrelated to the original complaint, the amendments the Plaintiff is seeking to make are time barred and as such the Motion for Leave to File Amended Complaint should be denied.

**B. Undue Delay by Plaintiff and Prejudice to the Debtors**

23. Prior to the Plaintiff's filing of this adversary complaint, the Plaintiff was involved in the Defendants' main bankruptcy case and participated with the Trustee's investigation of the Defendants' case.

24. Thereafter, Plaintiff proceeded to file this adversary proceeding on January 8, 2016.

25. During the past two-and-a-half years, the Plaintiff deposed the Defendants and engaged in discovery.

26. In short, the Plaintiff had over two-and-a-half years to obtain the "newly discovered evidence" that they now claim they have found which has triggered the need for an amended complaint.

27. This "newly discovered evidence" evidence consists of documents from an alleged transaction that took place in November 2014 – evidence that has always existed, but the Plaintiff failed to request until we were on the eve of trial.

Page **5**.

28. The Plaintiff has not provided any clear or reasonable explanation as to why it took over two-and-a-half years to obtain this "new evidence" and these actions are a clear exhibition of undue delay.

29. Aside from the Plaintiff's undue delay on the eve of trial, allowing an amended complaint at this point would unfairly prejudice the Debtor. An amended complaint this late in the game would reset the clock- calling for an amended answer new discovery, and further delay of trial.

30. The Defendants in this case are elderly, have been in bankruptcy for longer than they could have ever imagined, and resetting the clock in this case at this point goes completely against the expeditious and efficient administration of bankruptcy cases. It is time for this case to come to a close, not a new start.

31. Thus, for the reasons stated above, the Defendants object to the Plaintiff's request for leave to file an amended complaint and request that this Court enter an order denying Plaintiff's Motion for Leave to File an Amended Complaint.

**WHEREFORE**, **QUINTIN LARIOS** and **MARIA LARIOS** respectfully request this Court to enter an order denying the Plaintiff's Motion for Leave to File an Amended Complaint and for any other relief deemed just and proper.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

Page **6.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent this 28th day of June 2018 via CM/ECF to Corona Law Firm, P.A., Counsel for Plaintiff, bk@coronapa.com.

| | |
|---|---|
| ***CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)*** | **KINGCADE & GARCIA, P.A** <br> Counsel for the Defendants <br> Kingcade Building <br> 1370 Coral Way ▪ Miami, Florida 33145-2960 <br> WWW.MIAMIBANKRUPTCY.COM <br> Telephone: 305-285-9100 ▪ Facsimile: 305-285-9542 |
| **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A). | \_\_/S/ Timothy S. Kingcade\_\_ <br> x  Timothy S. Kingcade, Esq., FBN 082309 <br> ☐  Wendy Garcia, Esq., FBN 0865478 <br> ☐  Jessica L. McMaken, Esq., FBN 580163 |